IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**LLOYD LASKER, JR. and ROSSTELLA
LASKER, on behalf of themselves and all
others similarly situated**                                                                    **PLAINTIFFS**

v.                          CASE NO. 4:09-CV-0121 BSM

**OCWEN LOAN SERVICING, LLC, and
WELLS FARGO BANK, N.A.**                                                                **DEFENDANTS**

## ORDER

Defendant Ocwen Loan Servicing, LLC ("Ocwen") moves for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) (Doc. No. 31). Plaintiffs Lloyd and Rosstella Lasker ("the Laskers") have responded (Doc. No. 36), and Ocwen has replied (Doc. No. 38). For the reasons set forth below, Ocwen's motion for judgment on the pleadings is granted in part and denied in part.

## I. ALLEGATIONS

The Laskers bought a home in Mayflower, Arkansas shortly after they obtained a $150,400 home loan on February 22, 2001. The Laskers allege that they attained the loan from Ocwen. Complaint, ¶ 10. At closing, the Laskers executed a Deed of Trust in favor of Delta Funding Corporation ("Delta") to secure the loan. Delta later sold the note to Wells Fargo. The Laskers maintained contact with Ocwen, not Wells Fargo or Delta, and made all payments to Ocwen.

The Laskers admit that they fell behind on their mortgage payments twice before 2008. Complaint, ¶ 13. They claim that Ocwen did not begin foreclosure proceedings either

time until the Laskers fell four months behind. The Laskers also claim that Ocwen allowed them to make their missed payments and only required them to pay a small fee to cure their default.

The Laskers failed to make their mortgage payments in July, August, and September 2008. Indeed, they did not make their July payment until October 2008. Complaint, ¶ 15.

The Laskers claim they called Ocwen in November 2008 to make their August 2008 payment over the phone. They allege that an Ocwen representative "stated, without prompting, 'it would not be wise for [the Laskers] to make a payment at this time.'" Complaint, ¶ 19. The representative allegedly advised the Laskers of a "new federal program designed to help struggling homeowners, but that they would not qualify for the program until they had missed at least four (4) payments on their home loan." Complaint, ¶ 20. The Laskers claim that the representative then told them to skip their November and December 2008 payments so they would qualify for the program. Complaint, ¶ 21. The Laskers claim that, based on the Ocwen representative's advice, they did not make their November and December 2008 payments.

Ocwen initiated non-judicial foreclosure proceedings against the Laskers in December 2008, and when the Laskers called in January 2009 to enroll in the "program," Ocwen informed them that the program did not exist and that foreclosure proceedings had already begun. Complaint, ¶ 24-25. The Laskers claim that Ocwen proposed that they could cure their default by agreeing to raise their monthly loan payment by $1,000 for the remaining twenty-two (22) years of their mortgage. Complaint, ¶ 26. The Laskers rejected this offer.

Ocwen then offered to reduce the Laskers' interest rate to 6.25% and to cap their monthly payment at $873.66, in exchange for the Laskers refinancing "thousands of dollars in fees and additional interest incurred," and paying a "balloon payment" in excess of $110,000 by 2031. Complaint, ¶ 28. The Laskers also rejected this offer.

## II. STANDARD

Judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is appropriate when there are no material issues of fact to be resolved and the movant is entitled to judgment as a matter of law. *Faibisch v. University of Minn.*, 304 F.3d 797, 803 (8th Cir. 2002). In considering the motion for judgment on the pleadings, all facts pleaded by the non-moving party are accepted as true and all reasonable inferences from the pleadings are granted in favor of the non-moving party. *Syverson v. FirePond, Inc.*, 383 F.3d 745, 749 (8th Cir. 2004). The same standard of review for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) governs a motion for judgment on the pleadings under Rule 12(c). *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). To survive a motion to dismiss, a complaint must contain "enough facts to state a claim of relief plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555.

Judgment on the pleadings is "not appropriate unless the moving party has clearly established that no material issue of fact remains to be resolved and he is entitled to judgment as a matter of law." *National Car Rental Systems, Inc. V. Computer Assoc. Int'l, Inc.*, 991

3

F.2d 426, 428 (8th Cir. 1993) (internal quotations omitted); *see also Ashley County v. Pfizer*, 552 F.3d 659, 665 (8th Cir. 2009). "Under this strict standard, [the court must] accept as true all facts pled by the non-moving party and draw all reasonable inferences from the pleadings in his favor." *Lion Oil Co. V. Tosco Corp.*, 90 F.3d 268, 270 (8th Cir. 1996).

## III. PROCEDURAL HISTORY

The Laskers filed this class action complaint in Faulkner County, Arkansas Circuit Court on February 11, 2009, and the defendants removed it to this court on February 19, 2009. Ocwen now moves for judgment on the pleadings, asserting that (1) the Laskers' injury was caused by their failure to pay their mortgage and not by the acts of Ocwen; (2) the Laskers' fraud claim fails because the Laskers cannot establish that they justifiably relied on the advice of Ocwen's representative; and (3) the Laskers' breach of fiduciary duty claim fails because Ocwen did not owe a fiduciary duty to the Laskers.

## IV. DISCUSSION

A.  Causation

Ocwen's motion to dismiss due to the lack of causation is denied. For any of the Laskers' claims to survive a motion for judgment on the pleadings, they must at least allege that Ocwen's alleged misrepresentation caused the foreclosure of their home. *See Morrison v. Back Yard Burgers, Inc.*, 91 F.3d 1184, 1186 (8th Cir. 1996) (setting forth the elements of fraud, misrepresentation and deceit); *Yarborough v. DeVilbiss Air Power, Inc.* 321 F.3d 728, 730 (8th Cir. 2003) (listing elements for actual fraud). Ocwen maintains that even if the Laskers' allegations are taken as true, its contractual right to foreclose still exists because the

4

Laskers were in default at least three months prior to the time they claim they spoke with Ocwen's agent. Consequently, even if the Laskers had made their November and December 2008 payments, they still would have been in default and Ocwen would still have been entitled to foreclose.

The Laskers maintain that their injury directly resulted from Ocwen's "waiver of strict compliance of the loan terms" and its misrepresentations that induced the Laskers to miss payments. They claim that Ocwen set precedent in its course of dealing by instituting foreclosure only after four months of missed payments. Had they not been advised to withhold payments in November and December 2008, the Laskers would have stayed under the four month "limit" that was established. The Laskers also argue that this is a fact issue to be determined at trial.

Ocwen cites *Rawhide Farms, Inc. v. Darby*, 589 S.W. 2d 210, 214 (1979), for the proposition that Arkansas courts have uniformly held that a mortgagee does not waive its right to accelerate the maturity of a debt and foreclose on a mortgage by having previously accepted late payments. In that case, however, the Arkansas Court of Appeals held that "where [the mortgagors] are at fault for not paying and [the mortgagees] for giving them some reason to believe acceleration would not occur, we hold the [mortgagors] should . . . be given a reasonable time to make the overdue payments." *Id.* at 214. Consequently, the mortgagee's misrepresentation was relevant to the court in determining whether the mortgagor should be given time to catch up overdue payments.

Although seemingly thin, there is a factual dispute at issue. Although the record

5

indicates that the Laskers were in default prior to any alleged advice they received from Ocwen's representative, whether such advice was given could affect the disposition of the case. If the finder of fact determines that Ocwen's agent actually made representations upon which the Laskers relied, Ocwen's right to foreclose may be delayed to give the Laskers appropriate time to pay.

B.  Justifiable Reliance

Whether the Laskers' alleged reliance on Ocwen's representative was justified is an issue of fact that must be determined by a fact finder. Therefore, the motion for judgment on the pleadings on this issue is denied.

In moving for dismissal, Ocwen relies on its deed of trust which specifically provides that the Laskers cannot be released from their payment obligations unless they are released in writing. Ocwen asserts that the Laskers' claims, therefore, must fail even if they prove that Ocwen's representative advised them against making payments. In response, the Laskers argue that the court must review the specific circumstances leading up to the time they stopped making payments in order to determine whether they were justified in relying on the oral statements of Ocwen's representative. They further argue that they were unsophisticated home buyers and that the sophistication of parties is often considered when evaluating claims of justifiable reliance.

In *Yarborough, supra*, 321 F.3d at 731, the Eighth Circuit noted that the sophistication of the parties is often considered when evaluating claims of justifiable reliance and that whether reliance on an oral representation is justified is "highly dependent on the specific

6

circumstances leading up to the relevant subsequent undertaking." For these reasons, dismissal at this point in the litigation would be inappropriate.

C.  Fiduciary Relationship

Owen's motion for judgment on the pleadings is granted as to the Laskers' claim of a breach of fiduciary relationship.

Ocwen maintains that it did not owe a fiduciary duty to the Laskers because no fiduciary duty exists between a mortgagor and mortgagee. In support of this argument, it states that nothing in the pleadings indicates that a relationship of trust existed between it and the Laskers and that such a relationship is mandatory to establish a fiduciary relationship. *Mans v. Peoples Bank of Imboden*, 10 S.W.3d 885, 889 (2000).

The Laskers respond that whether a fiduciary relationship exists is a question of fact and must be determined at trial. They maintain that the facts present in *Mans* are present in this case and that a fiduciary relationship was created beyond a traditional, non-fiduciary creditor-debtor relationship.

The pleadings do not indicate that a fiduciary relationship existed between the parties. Therefore Ocwen's motion for judgment on the pleadings is granted on this issue.

## V. CONCLUSION

Ocwen's motion for judgment on the pleadings is denied as to the Laskers' claims for negligence, and fraud and deceit, but judgment is granted as to the Laskers' claim for breach of fiduciary duty. Accordingly, the Laskers' claim against Ocwen for breach of fiduciary duty is dismissed with prejudice.

IT IS SO ORDERED this 26th day of February, 2010.

_____
UNITED STATES DISTRICT JUDGE