**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**LLOYD LASKER, JR.and ROSSTELLA**
**LASKER, on behalf of themselves and all**
**others similarly situated**                                    **PLAINTIFFS**

**v.**                          **CASE NO. 4:09-CV-0121 BSM**

**OCWEN LOAN SERVICING, LLC, and**
**WELLS FARGO BANK, N.A.**                          **DEFENDANTS**

**ORDER**

Defendant Ocwen Loan Servicing, LLC ("Ocwen") requests reconsideration (Doc. No. 47) of the order granting in part and denying in part its motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) (Doc. No. 44) . Plaintiffs Lloyd and Rosstella Lasker ("the Laskers") object to reconsideration (Doc. No. 48), and Ocwen has replied (Doc. No. 49). For the reasons set forth below, Ocwen's motion for reconsideration is denied.

Ocwen asserts that the Arkansas Supreme Court's decision in *Country Corner Food and Drug, Inc. v. First State Bank and Tr. Co.*, 966 S.W.2d 894 (1998), controls this case and bars the Laskers' claims as a matter of law. Defendant's motion and memorandum in support of motion for reconsideration ("Deft.'s mot.") (Doc. No. 47), 1-2. Ocwen requests amendment of the order to indicate either agreement or disagreement with this proposition.

*Country Corner* was considered, but it is distinguishable from the present case and it does not bar the Laskers' claims as a matter of law. In *Country Corner*, the Court identified specific pleading deficiencies that failed to support the fraud allegation. *Country Corner*, 966 S.W.2d at 652-53. The Court did not, however, establish a bright-line rule that bars the

Laskers' fraud claim as a matter of law.  For this reason, that portion of the order denying Ocwen's motion for judgment on the pleadings is not contrary to *Country Corner*.  Indeed, that portion of the order is in keeping with Eighth Circuit precedent establishing that fraud claims requiring proof of justifiable reliance require findings of fact because they are "highly dependent on the specific circumstances."  *Yarborough v. DeVilbiss Air Power, Inc.*, 321 F.3d 728, 730 (8th Cir. 2003).

Further, the allegations in *Country Corner* are quite different from those in this case so as to further distinguish that case from this one.  First, the lenders in these cases are alleged to have given different assurances to the borrowers.  In this case, the lender allegedly misrepresented the existence of a government program established to aid the plaintiff, while the lender in *Country Corner* allegedly misrepresented that it would exercise its own discretion.  *Country Corner*, 966 S.W.2d at 896.  Second, the borrower in *Country Corner* was a sophisticated corporation, while the borrowers herein are simple, individual, homeowners.  Third, this case involves a home  mortgage while *Country Corner* involved a business loan and a guaranty agreement.

Ocwen also requests certification of this issue to the Eighth Circuit under 28 U.S.C. § 1292(b).  Deft's mot., 5.  Certification is appropriate if (1) the order at issue involves a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) certification will materially advance the ultimate termination of the litigation.  *See, e.g.*, *Remmes v. International Flavors & Fragrances*, 435 F.Supp.2d 936, 944 (N.D. Iowa 2006).  Grants or denials of interlocutory appeal certification are reviewed for abuse of discretion.

*White v. Nix*, 43 F.3d 374 (8th Cir. 1994). The general rule of this court is to liberally certify issues for interlocutory appeal to prevent the retrying of any given case, despite the Eighth Circuit's advice to certify "sparingly."  *Remmes*, 435 F.Supp.2d at 944 (quoting *White,* 43 F.3d at 379).  This general rule applies, however, only when the standard for certification is met and this case does not meet that standard.

It has been specifically held above that *Country Corner* does not control this case because its facts are distinguished from those herein.  *Country Corner* thus does not stand in opposition to this court's decision on a controlling question of law.  The decisions in *Country Corner* and this case address different questions about two different situations, so the order in this case is not contrary to *Country Corner*.  Further, because Ocwen has not presented a case dealing directly with the issues presented herein, no substantial ground for a difference of opinion exists.  For these reasons, this case does not meet the requirements of 28 U.S.C. § 1292(b) and the request for interlocutory appeal certification is denied.

Accordingly, Ocwen's motion for reconsideration (Doc. No. 47) is denied.

IT IS SO ORDERED this 14th day of May, 2010.


_____
UNITED STATES DISTRICT JUDGE